*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## <u>ENTRY ORDER</u>

SUPREME COURT DOCKET NO. 2016-102

AUGUST TERM, 2016

| | |
|---|---|
| In re D.I., Juvenile | } APPEALED FROM: |
| | } |
| | } Superior Court, Caledonia Unit, |
| | } Family Division |
| | } |
| | } DOCKET NO. 120-12-13 Cajv |

Trial Judge: Robert R. Bent

In the above-entitled cause, the Clerk will enter:

Mother appeals the termination of her parental rights with respect to her daughter, D.I. We affirm.

D.I. was born in May 2005. She is a special-needs child whose IQ has been tested in the fifties, although her functional capacity may be greater. In late 2013, the Department for Children and Families (DCF) received reports that D.I. and her two older half-brothers were truant and that mother's boyfriend, who had a history of violence, was spending time with the family. In December 2013, DCF filed a petition alleging that D.I. and one of her half-brothers were children in need of care or supervision (CHINS). The following month, the superior court adjudicated D.I. CHINS and granted DCF's request that mother be allowed to retain custody of the children, including D.I., subject to certain conditions and the Department's protective supervision.

In June 2014, DCF requested an emergency care order regarding D.I. based on various circumstances, including that mother was continuing to spend a considerable amount of time with her abusive partner, that she was leaving her children with her brother's family, and that one of her brother's children was being aggressive towards D.I. The superior court granted the motion and transferred custody to DCF the following day. After a disposition modification hearing in September 2014, the court continued custody with DCF. The new disposition plan, which was later adopted by the court, had a goal of reunification with mother and required her, among other things, to attend mental health counseling, sign releases, and work with service providers to learn how to more appropriately parent her children.

In May 2015, DCF filed a petition to terminate both mother's and the father's parental rights with respect to D.I., citing, in relevant part, mother's failure to abide by many of the case plan goals aimed at putting her in a position to resume her parental duties. D.I.'s father voluntarily relinquished his parental rights. A two-day termination hearing regarding mother's parental rights was held in February 2016. Following the hearing, the superior court terminated mother's parental rights, concluding that there were changed circumstances due to stagnation because of mother's failure to comply with key components of the case plan, and that termination of mother's parental rights was in D.I. best interests because mother had not played a constructive role in D.I.'s life and would be unable to resume her parental duties within a reasonable period of time from the child's perspective.

On appeal, mother's sole argument is that the superior court erred by dismissing the foster family's lack of commitment to adoption as irrelevant to its best-interests analysis and speculating that the foster placement was of indefinite duration in any event. We conclude that the premises underlying this argument are inaccurate.

In support of her argument, mother relies on the following findings made by the superior court:

> [The foster family is] not sure that . . . they can commit to the adoption process with [D.I.], but there's nothing . . . in the evidence that would suggest that the period of time which they would keep this child is time-limited.
>
>  . . . . It would be nice to think she's got a permanent home, but that's not necessarily what the Court needs to find under [33 V.S.A. §] 5114.

These findings do not indicate that the court thought either that the foster family's lack of commitment to adoption was irrelevant or that D.I.'s current foster placement would be of indefinite duration even if the family ultimately decided not to adopt D.I. Rather, the court stated a simple fact supported by the record: the foster family had not yet committed to adoption but there was no other evidence suggesting that D.I.'s stay with them would be limited. The court then acknowledged the uncertainty as to whether D.I. had a permanent home at that time, but stated that a termination order based on the statutory best-interests factors was not necessarily dependent on a finding that the subject child had a permanent placement.

These statements are completely consistent with In re J.M., 2015 VT 94, ¶ 11, where we reiterated that "the availability of a permanent alternative placement is not a precondition to terminating parental rights," but the superior court may consider the absence of an alternative placement, especially if the parent is the child's sole emotional connection. In this case, mother does not challenge, and the record supports, the superior court's findings and conclusions stating that mother had not played a constructive role in D.I.'s life and had abdicated her parental responsibility. Nothing in the record suggests that D.I. has a critical emotional attachment to mother that should preclude terminating mother's parental rights.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Beth Robinson, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice

2